JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 14-00065-CJC(ANx)           Date: January 21, 2014

Title: HSBC BANK USA N.A., AS TRUSTEE v. SANTANA CLINE, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

      Plaintiff HSBC Bank USA N.A. as trustee ("Plaintiff") filed a Complaint for Foreclosure in the Court of Common Pleas of Franklin County, Ohio on March 12, 2007. On January 15, 2014, Defendant Santana Cline removed the action to this Court based on federal question jurisdiction. (*See* Dkt. No. 1 ["Notice of Removal"].) Because removal is improper, the Court **REMANDS** the action to the Franklin County Court of Common Pleas.

      The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. *Id.* § 1441(b). A federal court may exercise original jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. *Id.* §§ 1331, 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00065-CJC(ANx)          Date: January 21, 2014
         Page 2

---

       Ms. Cline's removal is improper for a number of reasons. First, a civil action may only be removed from state court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As the action is pending in Franklin County Ohio, removal to the Central District of California is improper.

       Second, Ms. Cline fails to establish that she has complied with the procedural requirements of 28 U.S.C. § 1446. Section 1446 requires a defendant to file a notice of removal within 30 days of receiving a copy of the initial pleading or, in some cases, within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b). Ms. Cline filed her Notice of Removal on January 15, 2014 — nearly seven years after the filing of the initial pleading. She does not assert that she was first able to ascertain the existence of federal question jurisdiction in the 30 days prior to January 15, 2014. The Notice of Removal is thus untimely. Additionally, the Notice of Removal fails to indicate that all other properly joined and served defendants "join[ed] in or consent[ed] to the removal of the action." *Id.* § 1446(b)(2)(A). Removal is thus improper for that reason as well.

       Third, Ms. Cline fails to meet her burden of showing that the Court has federal question jurisdiction over this action. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), and there are no federal questions on the face of Plaintiff's well-pleaded complaint. (*See* Notice of Removal Ex. A.) Moreover, federal questions raised in defense do not give rise to federal jurisdiction. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) ("[O]riginal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law."). Thus, there is no federal question jurisdiction.

       For the foregoing reasons, the Court **REMANDS** this action to state court.

jcm

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk MU